UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUSTIN ODELL LANGFORD,

    Plaintiff

v.

CHARLES DANIELS, et al.,

    Defendants

Case No.: 3:22-cv-00482-MMD-CSD

**Order**

Re: ECF No. 5

    Plaintiff, who is a prisoner in custody of the Nevada Department of Corrections, has filed an application to proceed in forma pauperis (IFP) and civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 1-1.)

    Chief District Judge Du screened Plaintiff's complaint and allowed him to proceed with claims for violation of his rights under the First Amendment's Free Exercise and Establishment Clauses, the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as a due process claim. Plaintiff's First Amendment and RLUIPA claims are based on allegations that he is an adherent of Messianic Judaism and was unable to participate in Passover in 2022 because prison officials changed the policy as to who could participate. Specifically, they said only inmates keeping kosher under the prison's Common Fare Meal diet could receive Passover meals. Plaintiff also alleges Lovelock Correctional Center (LCC) officials failed to provide an application notice in Plaintiff's housing unit for a Passover meal. As a result of this policy change, inmates that kept kosher were allowed to receive a Passover meal, while inmates who did not keep kosher were excluded. Those claims are proceeding against Daniels, Sisolak, Garrett, Davis, Snyder, Waters, Williams, Lafleur, and Wickham. Plaintiff's due process claim is

based on allegations that Waters and Garrett failed to return money that NDOC took from two stimulus checks Plaintiff received.

Plaintiff also filed a motion for preliminary injunction asking the court to block the policy requiring inmates to be on the CFM and requiring NDOC to follow Rule 11.F of the Religious Practice Manual. (ECF No. 5.)

Within **14 days** of the date of this Order, the Attorney General's Office shall advise the court whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of responding to Plaintiff's motion for preliminary injunction. If the Attorney General's Office is willing to enter a limited notice of appearance, then also within **14 days** of the date of this Order, by **March 17, 2023,** the Attorney General's Office shall file a response to Plaintiff's motion for preliminary injunction. Plaintiff will have until **March 24, 2023** to file a reply brief. The court will then determine whether to hold a hearing.

The Clerk of Court shall electronically serve a copy of this Order, a copy of Plaintiff's complaint (ECF No. 10), a copy of the order screening the complaint (ECF No. 9), as well as a copy of Plaintiff's motion for preliminary injunction (ECF No. 5) on the Nevada Attorney General's Office by adding the Nevada Attorney General's Office to the docket sheet. This will not constitute a general appearance.

///

Plaintiff is advised that there is still a stay entered in this case while the parties participate in the court's early mediation program. As such, Plaintiff shall not file any other documents with the court while the stay is in place except for his reply brief as directed in this Order.

**IT IS SO ORDERED**.

Dated: March 3, 2023

_____
Craig S. Denney
United States Magistrate Judge