UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN ODELL LANGFORD,<br><br>    Plaintiff<br><br>v.<br><br>CHARLES DANIELS, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00482-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 5 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for a preliminary injunction. (ECF No. 5.) Defendants entered a limited notice of appearance for the purpose of filing a response to this motion (ECF No. 12), and filed their response (ECF Nos. 13, 13-1 to 13-3). Plaintiff filed a reply. (ECF No. 14.)

After a thorough review, it is recommended that Plaintiff's motion be denied.

**I. BACKGROUND**

Plaintiff is a prisoner in custody of the Nevada Department of Corrections who has filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 10.) The allegations giving rise to this action took place while he was housed at Lovelock Correctional Center (LCC).

Chief District Judge Du screened Plaintiff's complaint and allowed him to proceed with claims for violation of his rights under the First Amendment's Free Exercise and Establishment Clauses, the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as a due process claim. Plaintiff's First Amendment and RLUIPA claims are based on allegations that he

is an adherent of Messianic Judaism and was unable to participate in Passover in 2022 because prison officials changed the policy as to who could participate. Specifically, they said only inmates keeping kosher under the prison's Common Fare Meal (CFM) diet could receive Passover meals. Plaintiff also alleges LCC officials failed to provide an application notice in Plaintiff's housing unit for a Passover meal. As a result of this policy change, inmates that kept kosher were allowed to receive a Passover meal, while inmates who did not keep kosher were excluded. Those claims are proceeding against Daniels, Sisolak, Garrett, Davis, Snyder, Waters, Williams, Lafleur, and Wickham. Plaintiff's due process claim is based on allegations that Waters and Garrett failed to return money that NDOC took from two stimulus checks Plaintiff received.

Plaintiff filed a motion for preliminary injunction asking the court to block the policy requiring inmates to be on the CFM and requiring NDOC to follow Rule 11.F of the Religious Practice Manual. (ECF No. 5.) Defendants' response argues that Plaintiff will not suffer irreparable harm in the absence of injunctive relief because he is on the list to receive Passover meals in 2023.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. See *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund,*

*Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted).

The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).). The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (citation and quotation marks omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, the PLRA limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

While Plaintiff takes issue with the statement in Chaplain Davis's declaration about how long he has been employed as chaplain at LCC, Plaintiff does not dispute that he is on the list to receive Passover meals for 2023. Therefore, the court finds Plaintiff is not likely to suffer irreparable harm in the absence of injunctive relief. Plaintiff has not addressed, let alone demonstrated, that he is likely to succeed on the merits of his claims, or that the balance of equities tips in his favor and injunctive relief is in the public interest. As such, Plaintiff's motion for a preliminary injunction should be denied.

### IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for preliminary injunction (ECF No. 5).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 10, 2023

_____
Craig S. Denney
United States Magistrate Judge

5