UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN ODELL LANGFORD,<br><br>　　　Plaintiff<br><br>v.<br><br>CHARLES DANIELS, et al.,<br><br>　　　Defendants | Case No.: 3:22-cv-00482-MMD-CSD<br><br>**ORDER**<br><br>Re: ECF No. 28 |

Before the court is Plaintiff's omnibus motion to have the Nevada Department of Corrections (NDOC) submit decedent Richard Snyder's widow's name and address under seal and to substitute his widow under Federal Rule of Civil Procedure 25(a). (ECF No. 28.) Interested party NDOC filed a response. (ECF No. 32.) No reply has been filed.

For the reasons set forth below, Plaintiff's motion is denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of NDOC proceeding pro se with this action pursuant to 42 U.S.C. § 1983. Chief Judge Du screened Plaintiff's original complaint and allowed him to proceed with claims for violation of his rights under the First Amendment's Free Exercise and Establishment Clauses, the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as a due process claim against Daniels, Sisolak, Garrett, Davis, Snyder, Waters, Williams, Lafleur, and Wickham. (ECF No. 9.)

Around the same time as Chief Judge Du issued her order screening the original complaint, Plaintiff filed a first amended complaint (ECF No. 9). He subsequently filed a motion to dismiss that first amended complaint, and replace it with a new first amended complaint. (ECF

Nos. 22, 23.) Defendants did not oppose that motion; therefore, the court has concurrently issued an order granting that motion and has deemed ECF No. 23 the operative complaint.

On June 20, 2023, a suggestion of death was filed by Defendants noting the death of defendant Richard Snyder. (ECF No. 24.) On June 22, 2023, Chief Judge Du issued an order that she would dismiss the claims against Snyder in 90 days if there is no motion to substitute filed under Rule 25(a)(1). (ECF No. 26.)

On June 27, 2023, Plaintiff filed this motion requesting that NDOC file Snyder's widow's contact information under seal and substitute his widow in his place in this action. (ECF No. 28.)

**II. DISCUSSION**

Under Federal Rule of Civil Procedure 25, if a defendant dies during the course of litigation, a party may replace the deceased defendant with his "successor or representative" if the claim "is not extinguished" or abated as a result of his death. Fed. R. Civ. P. 25(a)(1). A Rule 25 motion to substitute must be made "within 90 days after service of a statement noting the death," and it must be served "on nonparties as provide in Rule 4." Fed. R. Civ. P. 25(a)(1), (3).

The suggestion of death for Snyder was filed on June 20, 2023, triggering Rule 25(a)(1), and on June 22, 2023, Chief Judge Du gave the parties 90 days, until September 20, 2023, to file a motion to substitute Snyder's success or representative.

Plaintiff seeks to substitute Snyder with his widow.

Nevada law provides: "Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained … against the person's executor or administrator." Nevada Revised Statute (NRS) 41.100. Exemplary or punitive damages cannot be recovered, but "[i]n an action against an executor or administrator" of the estate of a deceased

defendant, the plaintiff may pursue any other "damages … [that could] have been recovered against the decedent if the decedent had lived." *Id.*

In Nevada , "[p]ursuant to NRS 41.100(1), a survival action can be maintained by or against the decedent's executor or special administrator." *Gonor v. Dale*, 432 P.3d 723, 726, 134 Nev. 898, 901 (2018) (citation omitted). "An 'executor' is defined as 'a person nominated in a will and appointed by the court to execute the provisions of the will and administer the estate of the decedent.'" *Id.* (quoting NRS 132.130.) "An 'administrator' is defined as 'a person not designated in a will who is appointed by the court to administer an estate.'" *Id.* (quoting NRS 132.040). "Thus, the proper party who may take the place of the deceased party within the meaning of NRCP 25(a)(1) [which is identical to Fed. R. Civ. P. 25(a)(1)] includes either an individual named in the will of the deceased party and appointed by the court to administer the estate or an individual appointed by the court to do the same." *Id.*

NDOC's filing indicates that the Attorney General's Office reviewed the dockets for the First, Second, and Eighth Judicial District Courts in Nevada, and found no evidence that an estate had been opened for Snyder there. In addition, counsel personally contacted Snyder's widow, who confirmed that Snyder died intestate and no estate was established, and Mrs. Snyder was not appointed as a representative.

In Nevada, where the decedent dies intestate, "the property party would be a special administrator appointed by the court," but there is no evidence before the court that a special administrator has been appointed or that person is Mrs. Snyder. *See id.*

Accordingly, Mrs. Snyder is not a proper party for substitution under Rule 25(a)(1) and Plaintiff's motion to substitute her in Snyder's place is improper.

///

///

## III. CONCLUSION

Plaintiff's omnibus motion (ECF No. 28) is **DENIED**. If no motion to substitute a proper defendant is filed by September 20, 2023, Snyder will be dismissed.

**IT IS SO ORDERED**.

Dated: August 1, 2023

_____
Craig S. Denney
United States Magistrate Judge